**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                            **Case No.  04-20156-JWL**

**WILLIAM SCHAEFER,**

      **Defendant.**

**MEMORANDUM & ORDER**

**I.   Background**

On November 17, 2004, Mr. William Schaefer was indicted with knowingly and intentionally possessing child pornography under 18 U.S.C. § 2252(a)(4)(B) and knowingly receiving child pornography by computer under 18 U.S.C. § 2252(a)(2).  (Doc. # 1) The order setting conditions for Mr. Schaefer's release pending trial was signed by Judge Waxse on November 22, 2004.  (Doc. # 5) On September 12, 2005, after the conclusion of the bench trial, this court issued a Memorandum and Order, finding Mr. Schaefer guilty of both counts. (Doc. # 39)  The court permitted Mr. Schaefer to remain released on conditions pending sentencing. (Doc. # 40)  On February 15, 2006, the court sentenced him to seventy months for each count to run concurrently.  (Doc. # 52)   He was turned over to the custody of the Bureau of Prisons and is currently serving his sentence.  (Doc. # 59)

Mr. Schaefer appealed his convictions and sentence.  On September 5, 2007, the Tenth Circuit in a panel opinion ordered his convictions reversed and the case remanded for an entry

of an order of acquittal. *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007). The court held that the government did not present sufficient evidence to support the jurisdictional nexus of movement between states by only showing Mr. Schaefer used the Internet. *Id.* at 1201. The government filed a petition for rehearing with the Tenth Circuit on October 18, 2007, and Mr. Schaefer's response is due November 29, 2007. On October 19, 2007, Mr. Schaefer filed with this court his Motion for Release Pending Appeal ("Motion") currently before the court. (Doc. # 77) For the reasons set forth below, the court grants the Motion.

**II.     Analysis**

Mr. Schaefer is subject to detention pursuant to 18 U.S.C. § 3143(b)(2), which provides for mandatory detention based upon convictions for certain types of crimes.[1] This statute applies when a defendant is convicted of a "crime of violence," see section 3142(f)(1)(A), which is defined, in relevant part, as "any felony under chapter 109A, 110, or 117." 18 U.S.C. § 3156(a)(4)(C). Chapter 110 includes section 2252, under which Mr. Schaefer was convicted. 18 U.S.C. § 2252. Under this statute, therefore, it appears Mr. Schaefer is subject to mandatory detention pending the finalization of his appeal.

However, "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are

---

[1] "The judicial offer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained." 18 U.S.C. § 3143.

2

*exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145 (emphasis added); *see also United States v. Peterson*, 185 F.3d 875 (10th Cir. 1999) (table opinion) ("A defendant's detention is not mandatory if he both meets conditions of § 3143(b)(1) and clearly shows exceptional reasons why detention is inappropriate."). In *United States v. Jones*, 979 F.2d 804, 805 (10th Cir. 1992), the Tenth Circuit decided the sole issue of "whether a district court has the authority to release a defendant pending sentencing or appeal pursuant to the 'exceptional reasons' provision of 18 U.S.C. § 3145(c)." The court held that even though this "provision was added to the provision concerning appeals from detention orders, . . . a district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)." *Jones*, 979 F.2d at 806. Thus, this court has authority to consider whether "exceptional reasons" exist to release Mr. Schaefer, despite the mandatory detention provision of section 3143(b)(2).

First, Mr. Schaefer must meet the conditions set forth in section 3143(b)(1), which governs release or detention of a defendant pending sentencing or appeal. 18 U.S.C. § 3145(c) ("A person . . . *who meets the conditions of release set forth in section 3143(a)(1) or (b)(1). . .* may be ordered released . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate"). The two requirements are that there must be clear and convincing evidence that Mr. Schaefer is not likely to flee or pose a danger to the community and that his appeal raises a substantial question of law or fact likely to result in a reversal or new trial. 18 U.S.C. § 3143(b)(1). A substantial question of law or fact "is a close question or one that very well could be decided the other way. . . [which] must be determined

3

on a case-by-case basis." *United States v. Affleck*, 765 F.2d 944, 952 (1985) (internal quotations omitted). "'[S]ubstantial' defines the *level of merit* required in the question presented and 'likely to result in reversal or an order for a new trial' defines the *type of question* that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985); *see also Affleck*, 765 F.2d at 952 (agreeing that the second aspect relates to the type of question: "A question may be substantial but may, nonetheless. . . be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction." (quotations omitted)).[2]

Mr. Schaefer was released pending trial and sentencing in part because it was determined that he was not likely to flee or pose a danger to the community. *See* 18 U.S.C. § 3142 (governing release or detention of a defendant pending a trial). The court finds no reason that this determination has now changed, and therefore, finds that it still is unlikely that Mr. Schaefer will flee or pose a danger to the community. *See, e.g.*, *United States v. Banta*, 165 F.R.D. 102 (D. Utah 1996) (finding the defendant unlikely to flee, noting he was released pending trial and sentencing and made all court appearances). A three judge panel of the Tenth Circuit has already

---

[2] These cases were decided before the "exceptional reasons" amendment but the language in this section is the same as when these cases were decided. As stated by the Ninth Circuit, "[t]he amendments to the statute since then [do not] affect . . . the analysis of *Handy*," stating that the second part of "likely" to result in reversal only relates to the *type* of question posed to the appellate court, not the likelihood of success of the appeal. *United States v. Garcia*, 340 F.3d 1013, 1020, n.5 (9th Cir. 2003).

4

issued an order reversing his conviction, indicating there would be even less of a reason for Mr. Schaefer to flee than prior to his sentencing. That opinion also shows that Mr. Schaefer appealed a "substantial" issue, and the type of question was one that was likely to result in reversal.

In addition to this two-part test, exceptional reasons must exist to release Mr. Schaefer. 18 U.S.C. § 3145. "By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003); *see also United States v. Schuerman*, 978 F.2d 1268 (10th Cir. 1992) (table opinion) (noting "that 'a case by case evaluation [of whether there are exceptional reasons] is essential' . . . . district judges should not be foreclosed 'from the full exercise of discretion in these matters,'" *quoting United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir.1991); *citing United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir.1992)). This court holds based upon the facts in this case, there are exceptional reasons to release Mr. Schaefer pending the potential rehearing and final outcome of his case.

Mr. Schaefer has already won on appeal and is now awaiting a possible rehearing. The Tenth Circuit has issued a panel opinion reversing Mr. Schaefer's conviction and remanding for a judgement of acquittal. *United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007). This court finds this situation "out of the ordinary" when considering whether Mr. Schaefer should be released or detained. *See DiSomma*, 951 F.2d at 497 (noting that one of the few pieces of available legislative history related to "exceptional reasons" is a 1989 letter from the Justice Department to the senator sponsoring the bill, which described circumstances as "out of the ordinary"). Most motions for release likely depend on only a potentially successful appeal by the

defendant and a future decision by a court. Mr. Schaefer, however, has already achieved a reversal, and the government is trying to overturn the decision.[3] Unless the petition for rehearing is granted and ultimately is returned in favor of the government, Mr. Schaefer would be spending time incarcerated that he should not have served at all, even though the appellate court already had issued its opinion that Mr. Schaefer should be acquitted.[4] The court finds that this qualifies as an exceptional reason why Mr. Schaefer's continued detention would be inappropriate.

The Ninth Circuit also has provided "some guidance" to determine when exceptional reasons exist. *Garcia*, 340 F.3d at 1018. Most relevant here is "the nature of the defendant's arguments," again, because Mr. Schaefer has already proven his argument successful through a

---

[3] As stated by Mr. Schaefer, "In the usual case, release is sought before the court of appeals issues a decision. But in my case, the court of appeals has ruled in my favor. This makes what can at best be a shaky prediction of reversal in the typical case a much more solid one in my case. Whereas it is ordinarily the defendant moving for release pending appeal who seeks to overturn the most recent decision, here it is the government that is trying to do so." Reply to Government's Response to Motion for Release Pending Appeal, at 5-6, ¶ 12 (Doc. # 80).

[4] While there is still a chance that the rehearing petition will be granted and the panel opinion overturned, the court does not find that this negatively impacts the fact that exceptional reasons exist based on the panel opinion reversing Mr. Schaefer's conviction that was already issued. As Mr. Schaefer pointed out in his Motion and response, there is at least as much of a chance, if not more, that the arguments presented in the petition for rehearing will be unsuccessful (and the petition has not yet even been granted). Motion for Release Pending Appeal, at 3, ¶ 8; Reply to Government's Response to Motion for Release Pending Appeal, at 4, ¶¶ 9-11 (referencing, among other reasoning, the government's petition for rehearing which states, "This argument for the plain meaning of the statutory language, 'has been transported,' has not previously been raised by the government in this case. We recognize that the panel is unlikely to consider the matter on rehearing. . ." Petition of the United States for Panel Rehearing, at 12); *see also, e.g.*, 10th Cir. R. 35.1 ("A request for en banc consideration is disfavored. En banc review is an extraordinary procedure . . .").

favorable result from a panel opinion. A defendant who shows a likelihood of success on appeal goes beyond the threshold requirement of the initial two-part test of section 3143(b)(1) and may be considered an exceptional reason. *Garcia*, 340 F.3d at 1020, n.5.[5] "Because under § 3143(b)(1)(B) a defendant need not show a likelihood of success on appeal, a defendant who does show such likelihood goes well beyond the threshold requirement. There is therefore no redundancy in considering likelihood of success as a factor in determining whether there are exceptional reasons justifying release under § 3145(c)." *Garcia*, 340 F.3d at 1020, n.5. Mr. Schaefer has shown more than a likelihood that he will be successful on appeal because a favorable opinion was already issued. The court finds that Mr. Schaefer has clearly shown exceptional reasons why his detention is not appropriate. The court, therefore, orders Mr. Schaefer released from custody, subject to the previously imposed pre-trial and pre-sentencing release conditions (Doc. # 5, 40), until the outcome of his appeal is finalized.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Schaefer's Motion for Release Pending Appeal (Doc. # 77) is **GRANTED** and that he shall be released from federal custody while the final outcome of his appeal is pending.

**IT IS FURTHER ORDERED BY THE COURT** that the conditions of Mr. Schaefer's release prior to trial and sentencing are effective pending completion of the appellate process.

---

[5] As previously explained, the initial two-part test requires a showing that the issue presented is a close call and will not be deemed harmless, to have no prejudicial effect, or to have been insufficiently preserved. *Affleck*, 765 F.2d at 952. This is distinct from a showing that there is a likelihood that the defendant will be successful on appeal.

(Doc. # 5, 40) The defendant need not appear for imprisonment until further order of the court.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2007.

                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge